ROANE, Judge.
The counsel for the appellant were mistaken, in supposing that the Court had ^decided, as a general proposition, that parol evidence was admissible to explain a deed; for, the bill of exceptions shews, that the decision was applied to the et castera stated in the deed; and, therefore, it becomes a question, whether a relaxation from the general rule, in this particular instance, be admissible?
If, as was argued by the appellee’s counsel, this et castera had not extended to the conveying part of the deed, but only to that which is descriptive, I will not say but that a different decision might be given. But, he is mistaken in the fact; for, the conveying parts of the deed extended to all the land contemplated in the descriptive part. An attentive perusal of the deed itself, will make this more manifest, than any thing I can say to prove it. The en-quiry is, whether parol evidence be admissible to abridge or enlarge the quantity of land claimed under the deed? It is not material for us to say, whether the plaintiff is entitled to recover on his deed, without an explanation or supplement. He does not come forward with a view to either, himself, but is willing to abide by a construction as upon the deed itself. It is in opposition to that construction, that the evidence in question was exhibited by the defendant.
That evidence tended, either to supply or to explain the deed in a material point. If to supply it, it runs directly in the teeth of the law requiring such agreements to be in writing. If to explain it, it follows, that as the words in question have in themselves no-determinate signification, as applied to the present deed, but only by reference to something else, which is not therein inserted, it may be, that evidence upon this point might contradict the meaning of the words, as construed upon the face of the deed itself.
In so plain a case as this, it is unnecessary to examine minutely, or to quote many authorities. *1 beg leave, however, to refer to the case of Baylis v. The Attorney General, 2 Atk. 239, and Parteriche v. Powlet, 2 Atk. 383, as analogous to the case before us, and supporting my present opinion.
Eor these reasons, I think the judgment of the District Court should be reversed, and a new trial granted, with a direction that the evidence, now under consideration, should not be admitted upon such new trial.
I have looked into the case of Eleming v. Willis, which was mentioned as probably having an influence upon this; but, that case is distinguishable from the case before us. 1st. As being a variance between a marriage settlement and the original agreement ; in which case considerable liberality has been exercised in controlling the settlement by the agreement: and, 2d. Because there, the variance at the time of the settlement being made, was discovered, and would have been rectified, had not the grantor declared that there was no occasion for an alteration, for that the deed was meant to operate according to the contract; and, it would have been sanctioning a fraud, in such a case, not to have adhered to the terms of the original agreement. That case, therefore, has no influence upon the present.
ELEMING, Judge.
The general rule is, that parol evidence cannot be received to explain the ambiguities of a deed or written agreement. There are some few exceptions, as in the case of a latent ambiguity : But, then, the person offering the evidence ought to shew, that his case is withiii the exceptions.
In the present case, the evidence was admitted to explain what was meant by an et .castera in the deed; but, the evidence is not stated in the record, so as to afford the Court an opportunity of determining whether it was admissible or not. For *aught that appears to the contrary, it might have gone to explain away the whole effect of the deed, in opposition to the rule, that where there is an ambiguity, or an uncertain expression in a deed, it shall be construed in favor of him for whose benefit the deed was made. As nothing, therefore, appears to take it out of the influence of the rule which forbids the introduction of parol evidence in general, the rule must be adhered to. Eor these reasons, I am for reversing the judgment and awarding a new trial, at which the defend *487 ant will have an opportunity of stating his evidence, so as to enable the Court to decide whether it was admissible or not.
.LYONS, Judge.
The judgment of the Court is to be as follows: “The Court is of opinion, that the said judgment is erroneous in this, that the parol testimony, admitted by the Court to go to the jury to explain the deed in the proceedings mentioned and excepted to, is not fully set forth in the bill of exceptions, as it ought to have been, for this Court to decide on, before the said bill was received or signed, and sealed by the Judges; therefore it is considered, that the said judgment be reversed and annulled, and that the appellant recover against the appellee his costs by him expended in the prosecution of his appeal aforesaid here: And it is ordered, that the jurors’ verdict be set aside, and that a new trial be had between the parties.”